[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14135
Non-Argument Calendar
_____

D. C. Docket No. 06-20038-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS RODRIGO RINCON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 12, 2007)

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Jesus Rodrigo Rincon appeals his sentence imposed after he pled guilty to conspiring to import five kilograms or more of cocaine, in violation of 21 U.S.C. § 963. We affirm Rincon's sentence.

Rincon asserts the district court erred in denying him a minor-role reduction pursuant to U.S.S.G. § 3B1.2(b). Rincon contends the court failed to compare his conduct to the conduct of his co-conspirators. Rincon asserts he was clearly less culpable than the other participants because he had no independent knowledge of the conspiracy details and his only function was to introduce the confidential source (CS) to a co-conspirator, Pompilio Gutierrez, for a small fee.

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant, as the proponent of the downward adjustment, bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it finds the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as

2

minimal." U.S.S.G. § 3B1.2, comment. (n.5). In determining whether a minor-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines." *De Varon*, 175 F.3d at 940. Under the first prong, which may be dispositive in many cases, "the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing." *Id*. at 945. Relevant conduct is the "conduct attributed to the defendant in calculating [his] base offense level." *Id*. at 941. Under the second prong, "the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." *Id*. at 945. A defendant, however, "is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants. Rather, the district court must determine that the defendant was less culpable than *most other participants* in [the] relevant conduct." *Id*. at 944.

Rincon did not satisfy the first prong because his actual conduct, a substantial role in a conspiracy to import ten kilograms of cocaine into the United States, was identical to the relevant conduct for which he was sentenced. Because Rincon was only held accountable for the drugs that were imported due to his personal conduct, "[the] district court [could] legitimately conclude that [Rincon]

3

played an important or essential role in the importation of those drugs." *Id.* at 942-43.

As to the second prong, Rincon's argument the district court erred by failing to compare his conduct to the other participants' conduct is not supported by the record. Although at the sentencing hearing the district court did not make specific findings comparing Rincon's conduct to that of Gutierrez, the court did state it had "discussed the matter with the probation officer, and [agreed] with the probation officer's conclusion." In his conclusion, the probation officer included both an assessment of Rincon's conduct and a comparison between Rincon's and Gutierrez's roles. The probation officer determined that Rincon and Gutierrez had similar roles because they "were both contacts the CS spoke with on a regular basis regarding the cocaine shipment [and t]hey both had knowledge of details regarding the manner in which the cocaine would be smuggled, as well as when and where."

In contrast to Rincon's argument, he had a larger role in the conspiracy than just recruiting the CS. He also remained in contact with both the CS and Gutierrez regarding the cocaine shipment, participated in conversations planning the smuggling of the drugs, relayed information to the CS to further the smuggling operation, and arranged to receive $2,500 in exchange for introducing the CS to Gutierrez. Although each participant had different roles in the conspiracy, these

4

differences do not indicate that either co-conspirator was more culpable than Rincon. We have recognized that it is entirely possible for conspiracies to exist where no co-conspirator's conduct warrants an adjustment for role in the offense. *De Varon*, 175 F.3d at 944.

We conclude the district court did not clearly err in denying Rincon a minor-role reduction.

**AFFIRMED.**